1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  ATLANTIC RECORDING CORPORATION; and
   UMG RECORDINGS, INC.
8

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | SONY BMG MUSIC ENTERTAINMENT, a     | CASE NO.
   | Delaware general partnership; ATLANTIC |
13 | RECORDING CORPORATION, a Delaware    | ***EX PARTE*** **APPLICATION FOR LEAVE**
   | corporation; and UMG RECORDINGS, INC., a | **TO TAKE IMMEDIATE DISCOVERY**
14 | Delaware corporation,                |
15 |         Plaintiffs,                  |
16 |   v.                                 |
17 | JOHN DOE,                            |
   |         Defendant.                   |
18

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#36420 v1

1   Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26
2   and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum
3   of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.
4   In support thereof, Plaintiffs represent as follows:
5   1.   Plaintiffs, record companies who own the copyrights in the most popular sound
6   recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a
7   third party Internet Service Provider ("ISP") to determine the true identity of Defendant, who is
8   being sued for direct copyright infringement.[1]
9   2.   As alleged in the complaint, Defendant, without authorization, used an online media
10  distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to
11  the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified
12  Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time
13  of Defendant's infringing activity.
14  3.   Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that
15  identify Defendant's true name, current (and permanent) address and telephone number, e-mail
16  address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot
17  identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated
18  infringement.
19  4.   Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a
20  Rule 26(f) conference where there are no known defendants with whom to confer.
21  ///
22  ///
23  ///

---

[1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve Defendant's ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#36420 v1

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.

3  Dated: March 27, 2008

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT; ATLANTIC RECORDING CORPORATION; and UMG RECORDINGS, INC.